Filed 11/29/21  P. v. Robinson CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL JAY ROBINSON,<br><br>    Defendant and Appellant. | B312619<br><br>(Los Angeles County<br>Super. Ct. No. GA041966) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Darrell Mavis, Judge.  Affirmed.

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

The superior court summarily denied Michael Jay Robinson's petition for resentencing pursuant to Penal Code section 1170.95,[1] finding Robinson ineligible for relief because he had been convicted of second degree murder as the actual killer of David Ambers, not as an accomplice to the homicide under the natural and probable consequences doctrine or the felony-murder rule.  We affirm in accordance with the procedure approved in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Robinson in July 2000 of second degree murder (§ 187) and found true the special allegation Robinson had personally and intentionally discharged a firearm proximately causing Ambers's death (§ 12022.53, subd. (d)).  Robinson was sentenced as a third strike offender to an aggregate indeterminate state prison term of 70 years to life.

We affirmed Robinson's conviction on appeal, agreeing with his argument that the trial court had erred in failing to fully instruct the jury on self-defense and in failing to give the antecedent threat instruction requested by defense counsel but held any error was harmless because "[n]o reasonable jury would have determined on this evidence that Robinson acted in self-defense."  We explained, "The evidence before the jury was overwhelming that Robinson killed Ambers not in self-defense but in a violent and misguided response to the victim's challenge to his status and honor."  (*People v. Robinson* (May 13, 2002, B144770) [nonpub. opn.].)  In our opinion we noted, because the defense argued not only that someone else actually shot Ambers,

---

[1]     Statutory references are to this code.

but also that Robinson had killed Ambers out of fear and in self-defense or, alternatively, in the heat of passion during an argument over a woman, in addition to instructing the jury on the elements of first and second degree murder, the court instructed on voluntary manslaughter based on imperfect self-defense and heat of passion.

In January 2021 Robinson, representing himself, petitioned for resentencing pursuant to section 1170.95, alleging he had been convicted of second degree murder under the natural and probable consequences doctrine or the second degree felony-murder rule and could not now be convicted of murder because of changes to section 188, effective January 1, 2019. In his petition Robinson requested appointment of counsel during the resentencing process. Robinson also included a declaration with the petition in which he stated, "[D]espite the jury's findings, I was not present during the underl[ying] offense of conviction."

After considering the petition with its attachments and the court file, the superior court summarily denied Robinson's petition without appointing counsel or directing the prosecutor to file a response to the petition. The court found Robinson was not eligible for relief because he had been convicted as the actual killer of Ambers, not under the natural and probable consequences doctrine or the felony-murder rule.

Robinson filed a timely notice of appeal.

## DISCUSSION

In accord with the procedures described in *People v. Cole*, *supra*, 52 Cal.App.5th 1023, review granted, we appointed the California Appellate Project to represent Robinson on appeal. After reviewing the record on appeal, Robinson's counsel filed a brief raising no issues. Appointed counsel advised Robinson on

3

October 19, 2021 that he could within 30 days submit a brief or letter raising any grounds of appeal, contentions or arguments he wanted the court to consider.

On November 12, 2021 we received a three-page typed supplemental brief from Robinson. Abandoning the claim in his petition that he was not present when Ambers was shot and killed, in his supplemental brief Robinson asserted, contrary to the record, that the trial court had erred by failing to instruct sua sponte on voluntary manslaughter/heat of passion "because when appellant shot the victim (his) passion was aroused and his reason obscured due to a sudden quarrel." In addition, apparently borrowing from material prepared for other cases, Robinson argued the superior court in denying his petition improperly engaged in judicial factfinding on issues not conclusively resolved by the record of conviction, including determining he was a major participant who acted with reckless indifference to human life, even though no such findings were made. Robinson does not dispute that he was tried and convicted as the actual perpetrator of Ambers's murder and does not contend the jury was instructed on accomplice liability for murder under the felony-murder rule or the natural and probable consequences doctrine, as necessary for resentencing relief under section 1170.95.

In *People v. Lewis* (2021) 11 Cal.5th 952, 962-963, decided three months after the superior court's summary denial of Robinson's petition, the Supreme Court held, if a section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief, section 1170.95, subdivision (c), requires the court to appoint counsel to represent the petitioner,

4

if requested, and to direct the prosecutor to file a response to the petition and permit the petitioner to file a reply before determining whether the petitioner has made a prima facie showing that he or she is entitled to relief.  Because Robinson's petition made the requisite initial showing, the superior court erred by denying his petition without first appointment counsel.

The *Lewis* Court, however, also held a superior court's failure to appoint counsel to represent a petitioner when assessing whether he or she has made a prima facie showing of entitlement to relief pursuant to section 1170.95, subdivision (c), is state law error only, reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818.  (*Lewis*, *supra*, 11 Cal.5th at pp. 957-958, 973-974.)[2]  Here, because the record of conviction established Robinson was convicted as the actual killer and not on a theory of accomplice liability and, thus, his ineligibility for resentencing relief as a matter of law, there is no reasonable probability he would have obtained a more favorable result if counsel had been appointed and given the opportunity to file a memorandum supporting the petition.  Accordingly, the court's error in failing to appoint counsel was harmless.

---

[2]  In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  Appellate opinions "are generally considered to be part of the record of conviction."  (*Id.* at p. 972.)

Because no cognizable legal issues have been raised by Robinson's appellate counsel or by Robinson or identified in our independent review of the record, the order denying the section 1170.95 petition for resentencing is affirmed. (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order denying Robinson's petition for resentencing is affirmed.


                                    PERLUSS, P. J.

We concur:


        SEGAL, J.


        FEUER, J.